UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────

H.W., ET AL.,

                    Plaintiffs,                    22-cv-3282 (JGK)

          - against -                              MEMORANDUM OPINION AND
                                                   ORDER
NEW YORK CITY DEPARTMENT OF
EDUCATION,

                    Defendant.
───────────────────────────────────

JOHN G. KOELTL, District Judge:

     The Court has received the Report and Recommendation by

Magistrate Judge Katharine H. Parker, dated July 10, 2023, which

recommends that this Court award (1) $44,934.25 in attorney's

fees and (2) $400 in costs to plaintiffs against the defendant

pursuant to the fee-shifting provision of the Individuals with

Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1415(i)(3),

after a successful outcome in the underlying administrative

proceeding. ECF No. 37. The Magistrate Judge denied the

defendant's motion for reconsideration in an Order dated July

25, 2023. ECF No. 41. The defendant has filed timely objections

to the Report and Recommendation.

     The Court reviews de novo each of the elements of the

Report and Recommendation to which an objection has been filed.

See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The Court

may adopt those portions of the Report and Recommendation "to

which no specific written objection is made, as long as the

factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous."[1] United States Sec. & Exch. Comm'n v. Collector's Coffee Inc., 603 F. Supp. 3d 77, 83 (S.D.N.Y. 2022) (citing Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985)). There are no portions of the Report that were not objected to that are clearly erroneous.[2]

The Court -- after carefully considering the thorough Report and Recommendation and the defendant's objections -- concludes that the objections have no merit and the Report and Recommendation, on de novo review, is amply supported. The Court therefore adopts the Report and Recommendation.

## I.

In this case, the plaintiffs filed a motion for attorney's fees, requesting $58,806.20 in fees and costs for the underlying administrative proceeding and $8,185.00 for this federal action

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

[2] The plaintiffs argue that this Court should review the Report and Recommendation for "clear error" and not apply a de novo standard of review. While that may be true when a party "makes only conclusory or general objections, or simply reiterates . . . original arguments," see Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020), in this case the defendant objected to specific portions of the Report and Recommendation and argued that specific conclusions of the Magistrate Judge were incorrect. Therefore, the Court should review those portions of the Report and Recommendation de novo.

2

for a total of $66,991.20. See ECF Nos. 24-25. The Magistrate

Judge recommended that the plaintiffs be awarded $44,934.25 in

attorney's fees and $400 in costs. See ECF No. 37. The defendant

argues that the plaintiffs should have been awarded even less.

See ECF No. 39.

In H.C. v. New York City Department of Education, the

Second Circuit Court of Appeals set out the standard for

awarding attorney's fees in IDEA cases: "the essential goal of

fee shifting is to do rough justice, not to achieve auditing

perfection." 71 F.4th 120, 125 (2d Cir. 2023) (citing Fox v.

Vice, 563 U.S. 826, 838 (2011)). More specifically, courts must

use the "lodestar" method and multiply the number of hours

reasonably expended on the litigation by a reasonable hourly

rate. See A.R. ex rel. R.V. v. New York City Dep't of Educ., 407

F.3d 65, 79 (2d Cir. 2005). Courts must then consider the

Johnson factors to determine if any adjustments are necessary to

the lodestar calculation. The twelve Johnson factors are:

> (1) the time and labor required; (2) the novelty and
> difficulty of the questions; (3) the level of skill
> required to perform the legal service properly; (4) the
> preclusion of employment by the attorney due to
> acceptance of the case; (5) the attorney's customary
> hourly rate; (6) whether the fee is fixed or contingent;
> (7) the time limitations imposed by the client or the
> circumstances; (8) the amount involved in the case and
> the results obtained; (9) the experience, reputation,
> and ability of the attorneys; (10) the "undesirability"
> of the case; (11) the nature and length of the
> professional relationship with the client; and (12)
> awards in similar cases.

Lilly v. City of N.Y., 934 F.3d 222, 228 (2d Cir. 2019)
(citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-
19 (5th Cir. 1974)). It is unnecessary to consider each of the
Johnson factors individually. See Lochren v. Cnty. of Suffolk,
344 F. App'x. 706, 709 (2d Cir. 2009).

Finally, an offer of settlement prohibits recovery for work
performed after the offer of settlement if "the relief finally
obtained . . . is not more favorable . . . than the offer of
settlement." 20 U.S.C. § 1415(i)(3)(D)(i).

**A.**

The defendant raises three objections to the Magistrate
Judge's Report and Recommendation. First, the defendant objects
to Magistrate Judge Parker's findings as to the hourly rates
sought by the plaintiffs' attorneys and paralegals. However, the
Magistrate Judge properly considered the range of prevailing
rates for attorneys and paralegals in this District (for the
lodestar calculation) and the Johnson factors in determining the
appropriate hourly rates.

The defendant argues that the hourly rate of $500 for
Attorney Tracey Walsh, the plaintiffs' lead attorney in the
underlying administrative proceeding, is too high given the
hourly rate assigned to Walsh in other cases. The defendant
argues that the highest hourly rate awarded to senior attorneys

in a recent survey of IDEA cases in this District was $425 per

hour. See ECF No. 32 at 8 (citing K.E. v. New York City Dep't of

Educ., No. 21-cv-2815, 2022 WL 4448655 (S.D.N.Y. Sept. 23, 2022)

(citing Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S., No.

17-cv-6542, 2022 WL 831831 (S.D.N.Y. Mar. 21, 2022), aff'd sub

nom. H.C. v. New York City Dep't of Educ., 71 F.4th 120 (2d Cir.

2023))). However, the $425 hourly rate in C.S. was for work

completed around 2018. Attorney Walsh completed most of her work

on this case in 2020. See ECF 25-1 at 29-45. Taking inflation

into account, the Magistrate Judge correctly pointed out in

denying the motion for reconsideration that the hourly rate

would be the substantially higher in current dollars; closer to

the award of $500 per hour in this case. See ECF No. 41 at 5.

In any event, the Magistrate Judge reasonably determined

that the presence of several of the Johnson factors justified

the higher fee in this case. The Magistrate Judge noted that the

Johnson factors weighed in favor of a somewhat higher hourly

rate for Attorney Walsh than that awarded in some other cases.

In this case, the administrative proceeding was heavily

contested and included a pendency hearing and four days of

hearings on the merits, during which the plaintiffs presented

forty-seven exhibits and five witnesses. See ECF No. 37 at 3. In

addition, the defense presented five exhibits and a witness. See

ECF No. 41 at 6. Contrary to the defendant's assertion, Attorney

Walsh obtained significant relief for each of the two
plaintiffs. While the $595 to $695 per hour rate sought by the
plaintiffs was not justified by the Johnson factors, the $500
per hour rate was justified.

The defendant also contends that the hourly rate of $400
for Attorney William DeVinney, the plaintiffs' attorney in the
federal action, was too high in view of (1) the hourly rate
assigned to DeVinney in S.F., 2023 WL 4531187, at *10, and (2)
the supposedly rote nature of DeVinney's work. See ECF No. 39.
However, given the range of prevailing rates for attorneys in
this District, DeVinney's experience (Johnson factor one), and
DeVinney's work on this case (factor nine), the $400 rate was
reasonable. The Magistrate Judge awarded DeVinney an hourly rate
that is reasonable in light of the prevailing rates in IDEA
cases for attorneys with comparable experience in complex cases
in this District. See, e.g., V.W. v. New York City Dep't of
Educ., No. 21-cv-6495, 2023 WL 2609358, at *12 (S.D.N.Y. Mar.
23, 2023)(awarding a $425 hourly rate); M.D. v. New York City
Dep't of Educ., No. 21-cv-9180, 2023 WL 2557408, at *4-6
(S.D.N.Y. Mar. 17, 2023)(awarding a $425 hourly rate). DeVinney
has more than twenty years' experience in complex federal
litigation, although he has less experience than Walsh in IDEA
cases. See ECF No. 37 at 12. The defendant's objection misstates

that DeVinney has only "fourteen years of complex federal

litigation experience . . . ." ECF No. 39.

To the extent that the defendant belittles DeVinney's work

on this case, the objection is not well-founded. DeVinney was

responsible for drafting the complaint in this action,

negotiating with the defendant, and preparing the fee

application. He charged only 17.5 hours for that work. See ECF

No. 25-1 at 48. Lastly, to the extent that DeVinney's hourly

rate was reduced because of errors in previous cases, see F.R.

v. New York City Dep't of Educ., No. 22-cv-1776, 2023 WL

4991118, at *6 (S.D.N.Y. Aug. 4, 2023); S.F., 2023 WL 4531187,

at *10, there is no evidence that those issues existed in this

case.

Finally, the defendant asserted that the hourly rate of

$125 for the paralegals working on the plaintiffs' case was too

high. However, that rate was also reasonable. The Magistrate

Judge cited cases demonstrating that the prevailing hourly rate

for paralegals in this District was a range of $100 to $125,

even in cases that were decided in 2017. See ECF No. 37. It was

not unreasonable for the Magistrate Judge to set an hourly rate

at the higher end of the range, particularly in light of

inflation.

In summary, the Court agrees with the hourly rates recommended by the Magistrate Judge after her careful lodestar analysis and consideration of the Johnson factors.

**B.**

The defendant also argues that more time should have been deducted from Attorney Walsh's billable hours for failure to delegate tasks to attorneys with lower hourly rates. However, it was reasonable for Walsh, the lead attorney, to shoulder most of the responsibility for the administrative proceeding, and the defendant failed to support its objection with specific data.

The Magistrate Judge's Report and Recommendation recommended no fewer than five specific reductions for time that was not well spent (in direct response to the defendant's proposed reductions), see ECF No. 37, and the defendant does not quarrel with any of these reductions, see ECF No. 39. Rather, the defendant now argues that more time should have been deducted from Walsh's billable hours because of her "clear failure to delegate[,]" but the defendant failed to define the specific tasks that should have been handled by more junior lawyers. Id.

The defendant failed to provide any rationale for how Walsh's labor could have been delegated more extensively. Indeed, in Dimopoulou v. First Unum Life Ins. Co., the case that the defendant cites to argue for reducing Walsh's hours, the

8

court detailed the specific tasks that senior attorneys should have delegated. No. 13-cv-7159, 2021 WL 406741 (S.D.N.Y. Feb. 5, 2021). In that case, "[t]he detailed time entries submitted by Plaintiff . . . show[ed] that certain tasks, such as research, reviewing cites, and certain drafting tasks were performed by . . . the most senior attorneys[,]" when "[t]hese could have been delegated to junior attorneys." Id. at *4. In this case, the defendant makes no such mention of tasks that were completed by Walsh that could have been delegated to more junior attorneys, while representing the clients responsibly and professionally.

Therefore, there is no basis to reduce the billable hours recommended by Magistrate Judge Parker.

### c.

Finally, the defendant asserts that its November 21, 2022 settlement offer of $31,200 limits plaintiffs' recovery of attorney's fees pursuant to 20 U.S.C. § 1415(i)(3)(D)(i). However, no such reduction is called for under the statute.

The IDEA provides that "[a]ttorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if . . . the court . . . finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i). The defendant has

argued for various reductions in the award of attorney's fees

and costs to bring the amount of the award (as of November 21,

2022) to less than the offer of judgment of $31,200. But the

Magistrate Judge rejected those reductions and the Court has

also rejected the defendant's requests for such reductions.

Therefore, because the ultimate relief obtained by the

parents is substantially in excess of the offer of judgment, the

plaintiffs were not limited to compensation for services

performed before November 21, 2022, the date of the offer of

judgment.

**II.**

The defendant did not object to Magistrate Judge Parker's

recommended costs of $400, the plaintiffs' requested

reimbursement of the $400 filing fee for this federal action.

Thus, Magistrate Judge Parker's recommendation of $400 in costs

was objectively reasonable.

**CONCLUSION**

The Court has considered all of the arguments raised by the

parties. To the extent not specifically addressed, the arguments

are either moot or without merit. The Court adopts the

Magistrate Judge's Report & Recommendation in its entirety.

Accordingly, the objections to the Magistrate Judge's findings

are **overruled**. The plaintiff's motion for attorney's fees and

10

costs, ECF No. 24, is granted in the amount of $44,934.25. The Clerk is directed to close ECF No. 24.

**SO ORDERED.**

**Dated:      New York, New York**
**September 8, 2023**

_____
John G. Koeltl
United States District Judge

11